ALLEN, Judge,
dissenting.
In Nobles’s trial, state witnesses gave inadmissable and potentially prejudicial testimony suggesting that Nobles exercised his right to remain silent following his arrest, and that he had committed crimes other than those for which he was on trial. After each instance in which such testimony was given, the trial court offered curative instructions but refused to grant Nobles’s motions for mistrial.
The majority have affirmed, apparently finding the testimony harmless. After a careful review of the entire record, I cannot say beyond a reasonable doubt that the testimony had no effect upon the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, I would reverse the judgment and sentence and remand for a new trial.